1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                        AT TACOMA

10    RONALD BUZZARD, JR.,

11                         Petitioner,            CASE NO. 2:22-cv-00059-RAJ-JRC

12          v.                                    REPORT AND RECOMMENDATION

13    MELISSA ANDREWJESKI,                         NOTED FOR:  April 1, 2022

14                         Respondent.

15          The District Court has referred this petition for a writ of habeas corpus to United States

16   Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. §

17   636(b)(1)(A) and (B) and local Magistrate Judge Rules 3 and 4.  Petitioner filed the petition

18   pursuant to 28 U.S.C. § 2254.

19          The District Court should dismiss this matter because petitioner has an already pending

20   habeas petition challenging the same judgment and because he does not wish to amend his other

21   habeas petition to include the arguments in the petition in this matter.

22                                      **BACKGROUND**

23          Petitioner brings this matter under § 2254 challenging his October 2002 conviction and

24   sentence in King County Superior Court under cause number 02-1-02656-3-KNT.  Dkt. 1, at 1.

1  He alleges that his community custody was revoked in 2020 and asserts that related to the

2  revocation, (1) the search of his phone when he was arrested violated the Fourth Amendment, (2)

3  the Indeterminate Sentence Review Board ("ISRB") violated due process at and before his

4  revocation hearing, (3) there was perjury at the hearing, and (4) his counsel rendered ineffective

5  assistance related to the hearing. *See generally* Dkt. 1.

6      Petitioner has filed several other habeas petitions in this Court, including a pending

7  petition in *Buzzard v. Uttecht*, 2:21-cv-01061-JCC-JRC (the "prior petition"). That petition also

8  challenges his October 2002 King County Superior Court conviction and the ISRB's 2020

9  revocation of his community custody. *See generally*, Dkt. 26, 2:21-cv-01061-JCC-JRC.

10  Petitioner raises different grounds in the prior petition from those in this matter, including

11  arguing that the ISRB violated due process and his right to a jury trial when it revoked his

12  community custody. *Id.* at 21.

13      Because petitioner already had a habeas petition pending when he brought the instant

14  matter, the Court issued an order for petitioner to show cause in this matter. Dkt. 10. The Court

15  explained that the Ninth Circuit has held that a second habeas petition should be construed as a

16  motion to amend the earlier habeas petition. *See* Dkt. 10, at 2 (citing *Woods v. Carey*, 525 F.3d

17  886, 890 (9th Cir. 2008)). The Court directed petitioner to show cause why this matter should

18  not be consolidated with the proceeding related to the prior petition and why this petition should

19  not be construed as a motion to amend the prior petition.

20      Petitioner has responded to the show cause order and objects to treating this matter as a

21  motion to amend the prior habeas petition. He is clear that he does not wish to amend his prior

22  habeas petition and in doing so, wishes to avoid further delay. Dkt. 14, at 1–2.

23  *///*

24

**DISCUSSION**

Where, as here, a petitioner brings a second habeas petition while an earlier petition is already pending, the Ninth Circuit has directed this Court to treat the second petition as a motion to amend the first petition. *See Woods*, 525 F.3d at 888–90. Here, however, petitioner has clearly stated that he does not wish to amend his first petition.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. Thus, in cases in which a federal habeas petitioner already has pending a federal habeas petition pertaining to the same state court judgment in the same court, dismissal is appropriate because the maintenance of a duplicative action serves no legitimate purpose. *E.g.*, *Michalek v. Jefferson Cty. Jail*, No. 319CV06169BHSJRC, 2020 WL 6162855, at *2 (W.D. Wash. Aug. 13, 2020), *report and recommendation adopted,* No. 3:19-CV-06169-BHS, 2020 WL 6158985 (W.D. Wash. Oct. 21, 2020); *Diaz v. Frauenheim*, No. 519CV01441PAGJS, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020). The Court's interest in avoiding piecemeal litigation applies and requires dismissal of duplicative litigation even where, as here, the petitions raise different claims related to the same underlying conviction and revocation hearing. *E.g.*, *Armstrong v. Hedgpeth*, No. CV08-4249CJC(JC), 2008 WL 5111872, at *2 n.2 (C.D. Cal. Dec. 2, 2008).

1    Therefore, the petition should be dismissed without prejudice and the case should be

2  closed.  No certificate of appealability should issue because petitioner has not made a substantial

3  showing of the denial of a constitutional right in this matter.  *See* 28 U.S.C. § 2253(c)(2).

4    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

6  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

7  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

8  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

9  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

10  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

11  1, 2022, as noted in the caption.

12    Dated this 15th day of March, 2022.

13

14  _____

15  J. Richard Creatura
   Chief United States Magistrate Judge

16

17

18

19

20

21

22

23

24